ACCEPTED
05-17-00281-CV
FIFTH COURT OF APPEALS
DALLAS, TEXAS
6/6/2018 5:03 PM
LISA MATZ
CLERK

No. 05-17-00281-CV

_____

IN THE COURT OF APPEALS
FOR THE FIFTH JUDICIAL DISTRICT OF TEXAS
AT DALLAS

FILED IN
5th COURT OF APPEALS
DALLAS, TEXAS
6/6/2018 5:03:02 PM
LISA MATZ
Clerk

_____

KOJO W. NKANSAH,

Appellant,

v.

TEXAS WORKFORCE COMMISSION, et al.,

Appellees.

_____

**APPELLEES' JOINT MOTION
FOR REHEARING
TO MODIFY OR CORRECT THE JUDGMENT**

_____

TO THE HONORABLE COURT OF APPEALS:

The Appellees, the City of Dallas (the "City") and the Texas Workforce Commission (the "TWC"), submit this motion in response to the Court's Judgment dated May 31, 2018, which taxes the costs of appeal of Appellant, Kojo W. Nkansah ("Nkansah"), against the TWC and the City. The Appellees request that the Court reconsider the judgment for costs because the taxation of costs against them as prevailing parties is not required by law or supported by good cause.

Appellees' Joint Motion for Rehearing to Modify or Correct the Judgment          Page 1

## ISSUE PRESENTED FOR REVIEW

The Court improperly taxed costs against the prevailing parties, the City and the TWC.

## INTRODUCTION

This matter arises from Nkansah's appeal of his denial of unemployment benefits by the TWC following his termination by the City for misconduct in the workplace. On December 30, 2016, the trial court granted the Appellees' joint motion for summary judgment in the underlying case. On March 16, 2017, Nkansah filed his notice of appeal. After the parties fully briefed the issues, this Court issued its Memorandum Opinion on May 31, 2018, resolving all Nkansah's issues against him, and affirming the trial court's judgment in favor of the Appellees. Although this Court resolved this appeal in favor of the City and the TWC in its Judgment dated May 31, 2018, the Court ordered that Nkansah recover his costs of this appeal from the City and the TWC.

## ARGUMENT AND AUTHORITIES

Nkansah should not recover his costs of this appeal from the prevailing parties, the City and the TWC, because taxation of costs against the prevailing parties is not required by law or supported by good cause. The rules of appellate procedure provide:

> The court of appeals' judgment should award to the prevailing party costs incurred by that party related to the appeal, including filing fees in the court of appeals and costs for preparation of the record. The court of appeals may tax costs otherwise as required by law or for good cause. But the judgment must not require the payment of costs by a party who was entitled to proceed without payment of costs under Rule 20.1, and a provision in the judgment purporting to do so is void.

Tex. R. App. P. 43.4. The Court's Judgment taxed costs against the City and the TWC, when the City and TWC have prevailed in this appeal. While the Court may "tax costs otherwise as required by law or for good cause," *id.*, neither the law nor good cause support the taxation of costs against the Appellants in this appeal.

There is no requirement under case law, statute, or rule that Nkansah's costs be taxed to the City or the TWC, who were the prevailing parties in this appeal. While the Texas Labor Code provides that an individual claiming unemployment benefits may not be charged a fee by "the commission or a representative of the commission" or "a court or an officer of the court," Tex. Lab. Code § 207.007(a), it does not provide that the individual's opposing parties are responsible for those costs.

Nor is there good cause for Nkansah to be awarded his costs from the City and the TWC. The City and the TWC have prevailed at every stage of this litigation – first when Nkansah appealed the denial of his unemployment benefits to the trial court, and now in this appeal of the trial court's decision. It would be inequitable to require the City and the TWC, despite their having prevailed at every stage of this litigation, to

bear Nkansah's costs in a matter that originally arose from Nkansah's own misconduct in the workplace.

**PRAYER**

For all the reasons stated herein, the City and the TWC respectfully request that the Court modify or correct its Judgment dated May 31, 2018, to the extent that it taxes the costs of this appeal incurred by Nkansah against the City and TWC.

Respectfully submitted,

LARRY E. CASTO
Dallas City Attorney

*/s/ Dixon M. Merkt*

Barbara Rosenberg
Texas Bar No. 17267700
barbara.rosenberg@dallascityhall.com
Dixon M. Merkt
Texas Bar No. 24088899
dixon.merkt@dallascityhall.com
Assistant City Attorneys

Dallas City Attorney's Office
1500 Marilla Street, Room 7D North
Dallas, Texas 75201
Telephone: 214-670-3519
Telecopier: 214-670-0622

ATTORNEYS FOR APPELLEE
CITY OF DALLAS

Respectfully submitted,

KEN PAXTON
Attorney General of Texas

JEFFREY C. MATEER
First Assistant Attorney General

BRANTLEY STARR
Deputy First Assistant Attorney General

JAMES E. DAVIS
Deputy Attorney General for Civil Litigation

JACK HOHENGARTEN
Division Chief
Tax Division

*/s/ Scott D. Simmons*
SCOTT D. SIMMONS
Assistant Attorney General
State Bar No. 24013512
Tax Division
P.O. Box 12548
Austin, Texas 78711-2548
PH: (512) 475-3694
FAX: (512) 478-4013
Scott.Simmons@oag.texas.gov

ATTORNEYS FOR APPELLEE
TEXAS WORKFORCE
COMMISSION

## CERTIFICATE OF SERVICE

I hereby certify that on June 6, 2018, a copy of the foregoing document was served in accordance with Rule 9.5 of the Texas Rules of Appellate Procedure (1) through an electronic filing manager (EFM) upon each person listed below if the email address is on file with the EFM or (2) by email (if the address is available) and first-class mail upon each person below who does not have an email on file with the EFM:

Kojo W. Nkansah
2801 Red River Street
Mesquite, TX 75150
Phone: 972-682-1096
Kojonkansah1953@gmail.com
*Pro Se Appellant*

Scott D. Simmons
Assistant Attorney General
Tax Division
P.O. Box 12548
Austin, TX 78711
scott.simmons@texasattorneygeneral.gov
*Attorney for Appellee Texas Workforce Commission*

/s/ Dixon M. Merkt
Attorney for City of Dallas